IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Timothy Godfrey,<br><br>                Plaintiff,<br>vs.<br><br>Nancy Berryhill, Acting Commissioner<br>of Social Security,<br>                Defendant. | Civil Action No. 1:15-cv-2036-CMC<br><br>**ORDER** |

      This matter is before the court on the petition of Plaintiff's attorney for fees pursuant to 42 U.S.C. § 406(b). ECF No. 31. For the reasons set forth below, the petition is granted.

      Plaintiff's attorney seeks an award of attorney's fees in the amount of $20,314.00, which is twenty-five percent (25%) of the past-due benefits awarded to Plaintiff.[1] This percentage is consistent with the terms of the written contingency fee agreement between Plaintiff and his attorney. Plaintiff's counsel agrees all administrative fees and EAJA fees should reduce the amount of the award pursuant to § 406(b). The court previously awarded EAJA fees of $2,591.57; therefore, the total award amount under § 406(b) would be $17,722.43 for the 5.4 hours of attorney time and 17 hours of paralegal time counsel asserts was spent on the matter. Defendant does not oppose the petition, but requests that the EAJA fees be remitted to Plaintiff by counsel. ECF No. 32.

---

[1] This includes an offset for the amount of SSI benefits received by Plaintiff on a subsequent claim, which was not included in Plaintiff's counsel's calculation of the 25% fee. This assumes a reduction of at least $13,927 in SSI payments. Counsel has agreed that, if the reduction is greater than that amount, he will refund his client 25% of the additional reduction.

In light of the contingent nature of the fees and other relevant considerations (e.g., complexity of the matter, adequacy of representation, and absence of any delay caused by counsel), the court finds the fee sought and equivalent hourly rate are reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (approving fees based on contingency-fee agreement subject to review for reasonableness, which review considers, inter alia, whether there has been substandard representation or delay caused by counsel). The amount of fees takes into account the significant award counsel obtained for Plaintiff, who is to receive back-benefits from November 2011 to present.

The court, therefore, approves payment of attorney's fees to Plaintiff's attorney under 42 U.S.C. § 406(b) in the amount of $20,314.00, $2,591.57 of which is to be returned to Plaintiff by counsel. *See Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009) ("[T]he claimant's attorney refunds to the claimant the amount of the smaller fee."). The $20,314.00 is to be paid from the past-due benefits.

**IT IS SO ORDERED**.

                                        s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 1, 2017